| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>CAROTHERS & HAUSWIRTH LLP<br>Patrick W. Carothers<br>Gregory W. Hauswirth<br>2500 Plaza 5, 25th Floor<br>Jersey City, NJ 07311<br>Ph: 412.414.6996<br>Email: ghauswirth@ch-legal.com<br><br>*Counsel for OraLabs, LLC, Defendant* | |
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 23-18993 (MBK) |
| Thomas A. Pitta, as Trustee of the RAD Sub-Trust A,<br><br>                    Plaintiff,<br>v.<br><br>OraLabs, LLC,<br><br>                    Defendant. | Adv. No. 25-02076 (MBK) |

**ANSWER OF ORALABS, LLC TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

OraLabs, LLC ("Defendant"), by and through its undersigned counsel, files this Answer to the Complaint in this adversary proceeding filed by Thomas A. Pitta, as Trustee of the RAD Sub-Trust A, averring as follows:

**NATURE OF THE CASE**

1.      Paragraph 1 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the averments in paragraph 1 are denied.

2. Paragraph 2 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the averments in paragraph 2 are denied.

## JURISDICTION AND VENUE

3. The averments in paragraph 3 are admitted.

4. The averments in paragraph 4 are admitted.

5. The averments in paragraph 5 are admitted.

6. The averments in paragraph 6 are admitted.

## PROCEDURAL BACKGROUND

7. The averments in paragraph 7 are admitted.

8. The averments in paragraph 8 are admitted.

9. The averments in paragraph 9 are admitted.

10. The averments in paragraph 10 are admitted.

## THE PARTIES

11. The averments in paragraph 11 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 11 are denied.

12. The averments in paragraph 12 are admitted in part and denied in part. Defendant admits it resides and is subject to the laws of the State of Nevada. Defendant is without sufficient information to admit or deny the remaining averments in Paragraph 12 as they are ambiguous, for which Defendant shall not speculate. To the extent a response is required, the remaining averments in paragraph 12 are denied.

## FACTUAL BACKGROUND

13. Defendant is without sufficient Defendant is without sufficient information to admit or deny the averments in paragraph 13. To the extent a response is required, the averments in paragraph 13 are denied.

14. Defendant is without sufficient information to admit or deny the averments in paragraph 14. To the extent a response is required, the averments in paragraph 14 are denied.

15. Defendant is without sufficient information to admit or deny the averments in paragraph 15. To the extent a response is required, the averments in paragraph 15 are denied.

16. Defendant is without sufficient information to admit or deny the averments in paragraph 16. To the extent a response is required, the averments in paragraph 16 are denied.

17. Defendant is without sufficient information to admit or deny the averments in paragraph 17. To the extent a response is required, the averments in paragraph 17 are denied.

18. Defendant is without sufficient information to admit or deny the averments in paragraph 18. To the extent a response is required, the averments in paragraph 18 are denied.

19. Defendant is without sufficient information to admit or deny the averments in paragraph 19. To the extent a response is required, the averments in paragraph 19 are denied.

20. Defendant is without sufficient information to admit or deny the averments in paragraph 20. To the extent a response is required, the averments in paragraph 20 are denied.

21. Defendant is without sufficient information to admit or deny the averments in paragraph 21. To the extent a response is required, the averments in paragraph 21 are denied.

22. Defendant is without sufficient information to admit or deny the averments in paragraph 22. To the extent a response is required, the averments in paragraph 22 are denied.

23. Defendant is without sufficient information to admit or deny the averments in paragraph 23. To the extent a response is required, the averments in paragraph 23 are denied.

24. Defendant is without sufficient information to admit or deny the averments in paragraph 24. To the extent a response is required, the averments in paragraph 24 are denied.

25. Defendant is without sufficient information to admit or deny the averments in paragraph 25. To the extent a response is required, the averments in paragraph 25 are denied.

## CLAIMS FOR RELIEF

### COUNT 1
**(Avoidance of Preference Period Transfer – 11 U.S.C. § 547)**

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. The averments in paragraph 27 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 27 are denied.

28. The averments in paragraph 28 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 28 are denied.

29. The averments in paragraph 29 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 29 are denied.

30. The averments in paragraph 30 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 30 are denied.

31. The averments in paragraph 31 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 31 are denied.

32. The averments in paragraph 32 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 32 are denied.

33. The averments in paragraph 33 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 33 are denied.

34. The averments in paragraph 34 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 34 are denied.

35. The averments in paragraph 35 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 35 are denied.

## COUNT II

### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. The averments in paragraph 37 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 37 are denied.

38. The averments in paragraph 38 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 38 are denied.

## COUNT III

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. The averments in paragraph 40 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 40 are denied.

41. The averments in paragraph 41 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 41 are denied.

42. The averments in paragraph 42 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 42 are denied.

## COUNT IV

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

43. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 42 above.

44. In response to paragraph 44 of the Complaint, the Defendant denies paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, the Defendant denies paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, the Defendant denies paragraph 46 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that this case be dismissed.

## AFFIRMATIVE DEFENSES

1. Paragraphs 1 through 46 are incorporated herein by reference.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. All elements of a *prima facie* case under §§ 547, 548, 550 and 502(d) and (j) are not met.

4. At all relevant times, Debtor was solvent.

5. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

6. To the extent established in discovery, the process issued is insufficient.

7.     To the extent established in discovery, the service of process is insufficient.

WHEREFORE, Defendant requests that this case be dismissed.

Dated: November 14, 2025

                                              **Respectfully submitted,**

                                              CAROTHERS & HAUSWIRTH LLP

                                              By: */s/ Gregory W. Hauswirth*
                                              Patrick W. Carothers (PA ID 85721)
                                              Gregory W. Hauswirth, Esq.
                                              2500 Plaza 5, 25th Floor
                                              Jersey City, NJ 07311
                                              Ph: 412.414.6996
                                              Facsimile: 412.910.7510
                                              Email: ghauswirth@ch-legal.com

                                              *Counsel to OraLabs, LLC, Defendant*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>CAROTHERS & HAUSWIRTH LLP<br>Patrick W. Carothers<br>Gregory W. Hauswirth<br>2500 Plaza 5, 25th Floor<br>Jersey City, NJ 07311<br>Ph: 412.414.6996<br>Email: ghauswirth@ch-legal.com<br><br>Attorneys for Defendant | |
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 23-18993 (MBK) |
| Thomas A. Pitta, as Trustee of the RAD Sub-Trust A,<br><br>                    Plaintiff,<br>v.<br><br>OraLabs, LLC,<br><br>                    Defendant. | Adv. No. 25-02076 (MBK) |

## **NOTICE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 14th day of November, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

| | |
|---|---|
| Brigette McGrath Esq.<br>Kara Casteel, Esq.<br>ASK LLP<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, MN  55121 | Marianna Udem, Esq.<br>ASK LLP<br>60 East 42nd Street, 46th Fl.<br>New York, NY  10165 |

*/s/ Gregory W. Hauswirth*